E-FILED
Thursday, 01 October, 2026 12:39:31 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **ANDRE WINSTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-CV-4202** |
| | ) | |
| **LANISSA SAVAGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

Plaintiff Andre Winston is proceeding pro se and is currently civilly committed at the Illinois Department of Human Services Treatment and Detention Facility in Rushville, Illinois ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 et seq. Plaintiff filed suit under 42 U.S.C. § 1983, alleging that the following Defendants violated his constitutional rights: Nurse Lanissa Savage, Dr. Osmundson, and John and Jane Does. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (#3) is GRANTED, and the Court now proceeds to a merit review of his claims.

**BACKGROUND**

On July 31, 2026, Plaintiff told Defendants Savage and Osmundson that he was suffering from a number of symptoms, including loss of balance, light-headedness, spins, fainting, pain, an inability to lay on the back or right side of his head, and an

inability to stand or sit for long periods without losing his balance. He was also experiencing muscle weakness and a burning sensation in his arms, legs, stomach, and back.

Defendants "disregarded" Plaintiff's symptoms. They did not adequately evaluate him or make any effort to determine the cause of the issues. Defendants also did not refer Plaintiff to a specialist. Defendants have not provided assistance of any kind.

**ANALYSIS**

Courts must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(d)(2). Accordingly, this Court reviews the Amended Complaint before directing service to ensure that a federal claim is stated and that the action is not frivolous or malicious.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court at this stage accepts the factual allegations in the Complaint as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, the court will not accept as true any legal assertions, threadbare recitals of the elements of a cause of action, or conclusory statements. See *Iqbal*, 556 U.S. at 678.

As a civil detainee at Rushville, Plaintiff's claim for inadequate medical care is governed by the Fourteenth Amendment's due process clause. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). Such claims are considered under the objective unreasonableness standard, which asks "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly" with respect to the consequences of their treatment decisions. *Ashford v. Lochard*, 2024 WL 1107415, at *2 (7th Cir. Mar. 14, 2024) (quoting *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018)).

Plaintiff described for Defendants Savage and Osmundson an alarming panoply of symptoms, and in response, according to Plaintiff, Defendants did nothing. This states a claim for inadequate medical care in violation of the Fourteenth Amendment. The Court notes that Plaintiff's Complaint makes no reference to any John or Jane Does, and Plaintiff has therefore failed to state any claims against those Defendants.

IT IS THEREFORE ORDERED THAT:

(1) Pursuant to its review, the court finds that Plaintiff's Complaint states claims for inadequate medical care, in violation of the Fourteenth Amendment, against Defendants Lanissa Savage and Dr. Osmundson. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

(2) The Clerk is directed to DISMISS John and Jane Does as defendants in this case.

(3) The Clerk is directed to effect service of process on Savage and Osmundson pursuant to the court's standard procedures.

(4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time unless otherwise directed by the court.

(5) The court will attempt service on Defendants by mailing waivers of service to them. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed answers or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the court will enter an Order setting discovery and dispositive motion deadlines.

(6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

(7) Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings

shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

(8) This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a Scheduling Order, which will explain the discovery process in more detail.

(9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

(10) Plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

(11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

(12) The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED this 1st day of October , 2026.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE